928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sherman Alexander HENDERSON, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS, Bruce MacDonald, William Tipton,
Defendants-Appellees.
 No. 90-6433.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1991.
 
 W.D.Tenn., No. 89-02991; Turner, J.
 
 
 1
 W.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 4
 This pro se Tennessee prisoner appeals the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. He includes in his brief a request for appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review of the record and the briefs, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 5
 Sherman Alexander Henderson alleged that defendants, Tennessee prison officials, violated his rights of due process and equal protection by failing to transfer him from the Lake County Regional Correctional Facility to the Mark Luttrell Reception Center. He requested monetary, declaratory and injunctive relief.
 
 
 6
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 Essential facts are not in dispute. Henderson requested reclassification and a transfer to the Mark Luttrell Reception Center so that he could work as a library assistant. His request for reclassification was granted and a transfer was recommended by the classification committee. However, the library assistant position was assigned to another prisoner and the request for a transfer was denied.
 
 
 8
 Defendants are entitled to judgment as a matter of law because Henderson has not asserted the loss of a protected right or interest. He has no constitutional right to placement in a particular facility. See Olim v. Wakinekona, 461 U.S. 460, 467 (1983). Additionally, state statutes, regulations and policy in this case do not create a protected interest in a transfer or placement. Cf. Hewitt v. Helms, 459 U.S. 460, 469 (1983).
 
 
 9
 Accordingly, the request for appointment of counsel is denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honoroable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation